IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY LEE JENKINS, #03339-087         *
                Petitioner,
        v.                            *        CIVIL ACTION NO.  DKC-07-1882

THE UNITED STATES OF AMERICA          *
                Respondent.
                                     ***

## MEMORANDUM

After a two-day jury trial commencing on October 17, 2006, Jerry Lee Jenkins ("Jenkins") was found guilty of one count of bank robbery, in violation of 18 U.S.C. § 2216(a) & (f).[1]  On January 16, 2007, criminal judgment was entered and Jenkins was sentenced to 210 months imprisonment and 3 years of supervised release and ordered to pay $3,000.00 in restitution and a $100.00 assessment.  *See United States v. Jenkins*, Criminal No. L-04-0255 (D. Md.) at Paper No. 68.  The criminal judgment remains on appeal before the United States Court of Appeals for the Fourth Circuit.

Jenkins is currently confined at the U.S. Penitentiary in Lewisburg, Pennsylvania.  On July 16, 2007, the court received for filing over 74 pages of material captioned as a  "Petition by Law and Right for Common Law Writ of Habeas Corpus & Affidavit of Status and Petition in Commerce for Common Law Writ of Habeas Corpus."   Paper No. 1.  The matter was construed and instituted as

---

[1]     In 1998, Jenkins pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) & (f) in the United States District Court for the Northern District of West Virginia. *See United States v. Jenkins*, Criminal No. 98-00013-WCB (N.D.  W.V.).   On January 26, 1999, he was sentenced to 63 months imprisonment and 3 years supervised release and ordered to pay $1,800.00 and a $100.00 restitution. *Id*. at Paper No. 13.

a 28 U.S.C. § 2241 Petition for habeas corpus relief.[2]

Petitioner contends that he is a "White male common-law citizen of the sovereign West Virginia Republic," and that as a "White de jure citizen," he is not a "person" under the Fourteenth Amendment to the United States Constitution.[3]   Paper No. 1.   Affording the *pro se* pleading a generous construction, it appears that Petitioner is raising an attack on the government's jurisdiction to bring federal criminal charges and the sufficiency of the criminal indictment.   He claims that as a common-law citizen of a state republic, there is no authority to "bind him" to the United States and/or to prosecution under 18 U.S.C. § 2113(a) & (f).[4]   Paper No. 1.

Without commenting on the factual and legal sufficiency of the Petition, the court finds that it lacks personal jurisdiction over Jenkins's § 2241 action.        Jurisdiction over an action filed under § 2241 lies in the federal district court where Jenkins is incarcerated or in the federal district court where his custodian is located.   *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410

---

[2]      The Petition was not accompanied by either the civil filing fee or an indigency application.   In light of the findings of this court, Jenkins shall not be directed to cure this deficiency.

[3]      Petitioner asserts that there is nothing in the Fourteenth Amendment which transforms a "citizen of a Union state" into a citizen of the United States.   Paper No. 1.

[4]      To the extent that Jenkins is seeking to level a direct attack on his criminal judgment in this court, the law is well established that 28 U.S.C. § 2241 petitions are intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration.   *See In re Vial*, 115 F.3d 1192,1194, n. 5 (4th Cir. 1997) (en banc).   Individuals who are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a [28 U.S.C. § 2255] motion to vacate sentence...."  *Id.* at 1194.   Absent extraordinary circumstances, however, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case or direct appeal is pending.   *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1994); *United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir. 1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979).   Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes the premature consideration of a § 2255 motion absent extraordinary circumstances.   *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Davis*, 604 F.2d at 484.   The court thus shall not construe the instant action as a motion to vacate filed pursuant to 28 U.S.C. § 2255.

U.S. at 494-95;  *Guerra v.  Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986); *Boone v. United States Parole Commission*, 648 F. Supp. 479, 480 (D. Md. 1986).  Jenkins is currently confined at the United States Penitentiary in Lewisburg, Pennsylvania.  Given these circumstances, this court has no personal jurisdiction to adjudicate his 28 U.S.C. § 2241 Petition.

A separate Order follows dismissing this Petition without prejudice.


Date: ___July 25, 2007___                    _____/s/_____
                                             DEBORAH K. CHASANOW
                                             United States District Judge